IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDREW JAMES GREEN,

   Plaintiff,

v.

NICOLA GERARDO CASCELLA, and
GEETHA JAYARAM,

   Defendant.

Civil Action No.:  SAG-23-1819

**MEMORANDUM OPINION**

    Self-represented plaintiff Andrew James Green filed the above referenced complaint against Nicola Gerardo Cascella and Geetha Jayaram, employees of Johns Hopkins Hospital, invoking this court's federal question jurisdiction. ECF 1. Green seeks leave to proceed in forma pauperis. ECF 2. Based on the information Green provides, he appears to be indigent. Green's Motion is therefore granted. *See* 28 U.S.C. § 1915(a)(1) (authorizing courts to allow indigent parties to proceed "without prepayment of fees").

    28 U.S.C. § 1915 instructs district courts that they "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-prisoner *pro se* litigants). Because Green is proceeding *in forma pauperis*, the court must screen the complaint to determine if the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts

on which a recognized legal claim could be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . " Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Green states in support of his claim that on August 12, 2019, he was admitted to Johns Hopkins Hospital against his will because he was accused of waving a gun. ECF 1 at 6. He states that he was held in the hospital until September 18, 2019, because he refused to take their medicine. *Id*. Ultimately, Green took the medication which he claims "almost took over [his] body damaged [him] hard [he is] still to this day fighting this medicine off they wrongfully overdosed [him] with lithium and Risperdal. . . ." *Id*.

2

Here, complaint, even construed liberally, cannot provide any basis for relief. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998).  Because questions of subject matter jurisdiction concern the court's power to hear the case, they must be resolved before the court can turn to the sufficiency or merits of a claim.  *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible without exception." (Internal citation and quotation marks omitted)).  Federal courts have original jurisdiction over civil cases, with some exceptions that are not relevant here, in only two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction, where the parties in the case are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

Green invokes this court's federal question jurisdiction.  ECF No. 1 at 4. He states as the basis for federal question: "violation of my amendments and civil rights I was forced to be admitted in there and forced to take medicine." *Id*.  However, no federal question presents itself in the facts alleged. Further, at its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law.  *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014).  Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Essential to sustaining an action under § 1983 are the presence of two elements.  Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Defendants, private citizens, were not acting under color of law when they provided medical care to Green at Johns Hopkins Hospital.

Green does not invoke diversity jurisdiction, nor does such jurisdiction appear to exist.  Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  *See Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957).  Although Green does not specify the amount of damages he seeks, he has not shown that the citizenship of the parties is diverse.

For the foregoing reasons the Complaint cannot proceed.  A separate order follows.


August 1, 2023                                                    /s/
Date                                                    Stephanie A. Gallagher
                                                        United States District Judge